

**ORDERED in the Southern District of Florida on July 13, 2026.**

**Scott M. Grossman, Chief Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

BERNARDO GERMAN HUSSING,                      Case No. 22-16984-SMG

    Debtor.                                          Chapter 7
_____/

PAMPA BEVERAGES, LLC d/b/a
TRANSNATIONAL SUPPLY,

    Plaintiff,

v.                                            Adv. No. 22-1383-SMG[1]

BERNARDO GERMAN HUSSING, *et al.*,

    Defendants.
_____/

---

[1] Consolidated with Adv. No. 22-1378.

## MEMORANDUM OPINION ON REMAND

This Court had previously ruled that the defendant and debtor, Bernardo Hussing, did not owe a fiduciary duty to his former employer, plaintiff Pampa Beverages, LLC d/b/a Transnational Supply. Pampa appealed that decision to the United States District Court for the Southern District of Florida. The District Court determined that under Florida law, as articulated by Florida's Third District Court of Appeal in *Phillips Chemical Company v. Morgan*,[2] an employee who engages in a kickback scheme – as Mr. Hussing did here – per se breaches a fiduciary duty owed to the employer.[3]

With that ruling law of the case, this Court must now determine on remand: (1) what damages Mr. Hussing owes to Pampa as a result of the breach; (2) whether the independent tort doctrine nevertheless bars Pampa's recovery; (3) whether the resulting debt is excepted from discharge under 11 U.S.C. § 523(a)(2)(A); and (4) whether Fenix Marketing, LLC and Votnik, LLC – two entities controlled by Mr. Hussing, both of whom have defaulted and not contested Pampa's allegations – are liable for aiding and abetting Mr. Hussing's breach of his fiduciary duty and for conspiring with Mr. Hussing to breach his fiduciary duty.[4]

After considering the parties' supplemental briefs[5] and their arguments at a March 10, 2026 hearing[6] – and in light of the District Court's ruling on appeal – for

---

[2] 440 So. 2d 1292 (Fla. 3d DCA 1983).

[3] *Pampa Beverages, LLC v. Hussing*, 674 B.R. 576, 584 (S.D. Fla. 2025), *appeal dismissed*, 2025 WL 4079183 (11th Cir. Dec. 16, 2025).

[4] *Id.* at 588–89.

[5] Dkt. Nos. 135, 136.

[6] Dkt. No. 130.

the reasons that follow,[7] the Court now determines that: (1) Mr. Hussing is liable to Pampa for $1,762,045.83 in damages as a result of his breach of fiduciary duty; (2) the independent tort doctrine does not bar Pampa's recovery; (3) this debt is excepted from Mr. Hussing's chapter 7 bankruptcy discharge under 11 U.S.C. § 523(a)(2)(A) as a debt for money, property, or services obtained by false pretenses, a false representation, or actual fraud; and (4) Fenix Marketing and Votnik are also liable to Pampa for $1,762,045.83 in damages for aiding and abetting Mr. Hussing's breach of fiduciary duty and conspiracy to breach fiduciary duty.

## I.    BACKGROUND.

On October 13, 2022, Pampa commenced Adversary Proceeding No. 22-1378 (the Dischargeability Action) in this Court against Mr. Hussing. That same date, Pampa also removed to this Court under 28 U.S.C. § 1452(a) the action styled *Pampa Beverages v. Bernardo Hussing, et al.*, Case No. 2021-019085-CA-01, from the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, commencing Adversary Proceeding No. 22-1383 (the Removed Action). After considering the parties' briefs[8] and having conducted a hearing[9] to consider this Court's subject matter jurisdiction over the Removed Action, on January 9, 2023, the Court entered an *Order Granting Motion to Consolidate Adversary Proceedings*,[10] in

---

[7] This memorandum opinion constitutes the Court's findings of fact and conclusions of law, as required by Federal Rule of Civil Procedure 52(a)(1), made applicable here by Federal Rule of Bankruptcy Procedure 7052. Except as expressly modified in this opinion, the Court's findings of fact set forth in its original opinion, Dkt. No. 113; *In re Hussing*, 659 B.R. 609 (Bankr. S.D. Fla. 2024), *rev'd and remanded sub nom. Pampa Beverages, LLC v. Hussing*, 674 B.R. 576 (S.D. Fla. 2025), *appeal dismissed*, 2025 WL 4079183 (11th Cir. Dec. 16, 2025), remain undisturbed.
[8] Dkt. Nos. 16, 22.
[9] Dkt. No. 14.
[10] Dkt. No. 23.

which it determined that it had subject matter jurisdiction over the Removed Action under 28 U.S.C. § 1334(b).

In its December 12, 2023 *Order Granting in Part and Denying in Part Motions for Summary Judgment and Setting Pretrial Conference*,[11] the Court dismissed Count II of the Dischargeability Action and Count VI of the Removed Action, which together sought to enforce a non-compete and non-solicitation agreement. These consolidated adversary proceedings then proceeded to trial on February 26, 2024.[12] In advance of trial, Pampa voluntarily dismissed without prejudice Count V of the Removed Action (breach of contract against Mr. Hussing) and all claims asserted against defendant Ulla Rosensteiner (Mr. Hussing's spouse) in the Removed Action.[13] Trial then proceeded on Count I of the Dischargeability Action (determination of dischargeability for actual fraud under 11 U.S.C. § 523(a)(2)(A)) against Mr. Hussing; Count I of the Removed Action (breach of fiduciary duty) against Mr. Hussing; Count II of the Removed Action (aiding and abetting breach of fiduciary duty) against Carolina Hussing (Mr. Hussing's daughter), Fenix Marketing, and Votnik; Count III of the Removed Action (civil conspiracy to breach fiduciary duty) against Fenix Marketing and Votnik; and Count IV of the Removed Action (civil conspiracy to breach fiduciary duty) against Ms. Hussing.

After trial, and for the reasons set forth in its May 28, 2024 *Memorandum Opinion*,[14] the Court entered a final judgment against Pampa and in favor of

---

[11] Dkt. No. 82.
[12] Dkt. No. 96.
[13] Dkt. No. 87.
[14] Dkt. No. 113; *Hussing*, 659 B.R. 609.

4

Mr. Hussing, Ms. Hussing, Fenix Marketing, and Votnik.[15] Pampa appealed that final judgment.[16] In the meantime, on September 18, 2024, the chapter 7 trustee in Mr. Hussing's main bankruptcy case filed a report of no distribution.[17] And on September 19, 2025, Mr. Hussing received a discharge under 11 U.S.C. § 727.[18] On September 29, 2025, the District Court then reversed this Court as to the final judgment in these consolidated adversary proceedings and remanded the matter for further proceedings consistent with its opinion.[19]

## II.   JURISDICTION.

After the District Court entered its opinion, Mr. Hussing appealed that decision to the United States Court of Appeals for the Eleventh Circuit.[20] On December 16, 2025, the Eleventh Circuit dismissed that appeal – not on the merits, but instead for want of prosecution after Mr. Hussing failed to cure certain deficiencies in his initial brief.[21] Mr. Hussing moved to vacate that dismissal, but the Eleventh Circuit declined to act on his motion due to continued deficiencies in his filings.[22] The Eleventh Circuit appeal therefore stands dismissed, and that dismissal constitutes a final judgment permitting this Court to proceed in accordance with the District Court's instructions on remand.[23]

---

[15] Dkt. No. 114.

[16] Dkt. No. 119.

[17] Case No. 22-16984-SMG, Dkt. No. 44.

[18] *Id.*, Dkt. No. 50.

[19] Dkt. No. 128; *Pampa Beverages*, 674 B.R. 576.

[20] *Pampa Beverages, LLC v. Hussing*, No. 25-13800 (11th Cir.).

[21] *Id.*, Dkt. No. 11; *see Pampa Beverages*, 2025 WL 4079183, at *1; *see also* 11th Cir. R. 42-1(b).

[22] *Pampa Beverages*, No. 25-13800 (11th Cir.), Dkt. No. 18.

[23] *See Wilson v. Aderhold*, 89 F.2d 903, 904 (5th Cir. 1937) ("The fact of dismissal is the only requisite to the revival of the proceedings. . . ."); *see also Tuitama v. Bank of Am., NA*, 552 Fed. App'x 881, 883 (11th Cir. 2014) ("federal law . . . clearly dictates that dismissal for failure to prosecute or for noncompliance with a court order is a judgment on the merits with claim-preclusive effect.").

### III.   MR. HUSSING HAD – AND BREACHED – A FIDUCIARY DUTY TO PAMPA.

The District Court held that *Phillips Chemical* is controlling Florida law, under which "an employee's engineering of a kickback scheme to the detriment of an employer is a breach of the employee's fiduciary duty."[24] This Court had read *Phillips Chemical* as holding that *if* an employee owed a fiduciary duty to his employer, then engaging in a kickback scheme was a breach of that fiduciary duty.[25] Applied to the facts of this case, this Court determined after an evidentiary hearing that while Mr. Hussing did engage in a kickback scheme, the evidence did not support a finding that he owed Pampa any fiduciary duty to begin with.[26]

The District Court, however, read *Phillips Chemical* as standing squarely for the proposition that an employee who engages in a kickback scheme per se breaches a fiduciary duty to his employer. Thus, because this Court "made a clear factual finding that [Mr.] Hussing had engaged in a willful kickback scheme, and one which can only be described as flagrant . . . , it was bound to apply the holding of *Phillips Chemical*, which was both on point and binding, to find that [Mr.] Hussing owed Pampa a fiduciary duty under Florida law and that [Mr.] Hussing breached it."[27] Applying *Phillips Chemical* to the facts of this case consistent with the District Court's mandate thus leads to the conclusion that Mr. Hussing owed Pampa a

---

[24] *Pampa Beverages*, 674 B.R. at 583.
[25] *Hussing*, 659 B.R. at 619–23.
[26] *Id.* at 622-23.
[27] *Pampa Beverages*, 674 B.R. at 586.

fiduciary duty, and that he breached that duty when, over nearly a decade, he secretly solicited and accepted kickbacks from Pampa's vendors and suppliers.

## IV.    MR. HUSSING IS LIABLE TO PAMPA FOR $1,762,045.83 IN DAMAGES.

With the District Court having determined that *Phillips Chemical* is binding Florida law, the calculation of damages is now straightforward. Under *Phillips Chemical*:

> A fiduciary cannot say to the one to whom he bears such relationship: You have sustained no loss by my misconduct in receiving a commission from a party opposite to you, and therefore you are without remedy. It would be a dangerous precedent for us to say that unless some affirmative loss can be shown, the person who has violated his fiduciary relationship with another may hold on to any secret gain or benefit he may have thereby acquired.[28]

Thus, the "unfaithful employee . . . [is] clearly liable as a matter of well-established law for the amounts improperly received."[29] Here, the parties stipulated that Mr. Hussing received kickbacks totaling $1,762,045.83, which were deposited into Mr. Hussing's personal accounts, as well as accounts in the names of Fenix Marketing and Votnik.[30]  Under *Phillips Chemical*, Pampa is therefore entitled to $1,762,045.83 in damages from Mr. Hussing for his breach of fiduciary duty.[31]

---

[28] 440 So. 2d at 1295 (quoting *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 514 (Tex. 1942)).

[29] *Id.* at 1294; *see also See Ft. Myers Dev. Corp. v. J.W. McWilliams Co.*, 122 So. 264, 268 (Fla. 1929); *Doyle v. Maruszcak*, 834 So. 2d 307, 309 (Fla. 5th DCA 2003); *Posner v. Flink*, 167 So. 2d 259, 262 (Fla. 3d DCA 1964); *cf.* RESTATEMENT (SECOND) OF AGENCY § 388 (an agent who profits "in connection with" a transaction conducted on the principal's behalf must turn over that profit, even where the agent otherwise dealt "with perfect fairness to the principal").

[30] *See* Dkt. No. 96, ¶¶ rrr – uuu. The parties stipulated that the total amount is $1,762,045.83. *See* Dkt. No. 135, p. 3.

[31] To the extent Mr. Hussing argues that Pampa failed to prove causation or actual loss, under *Phillips Chemical* no such showing is required. Causation in the conventional tort sense is not an element of a disgorgement remedy for breach of fiduciary duty; the wrong is the secret self-dealing itself, not any downstream pricing effect. *See Phillips Chemical*, 440 So. 2d at 1294.

## V.   THE INDEPENDENT TORT DOCTRINE DOES NOT BAR PAMPA'S RECOVERY.

Notwithstanding the District Court's ruling, Mr. Hussing still contends he is not liable to Pampa under the "independent tort doctrine" – the precise contours and application of which are unclear under Florida law.[32] Where and to the extent it does apply, this doctrine would preclude a plaintiff from recovering "in tort for a contract dispute unless the tort is independent of any breach of contract."[33] Mr. Hussing argues that because the parties had a contractual relationship governing the same conduct complained of in the breach of fiduciary duty claim, Pampa's sole remedy is a breach of contract claim (which generally would be dischargeable in bankruptcy), and that Pampa may not recast that claim as a tort claim (which might be excepted from discharge).

"Courts, including the Eleventh Circuit Court of Appeals, have struggled to ferret out of [the Florida Supreme Court's 2013 decision in *Tiara Condominium Association v. Marsh & McLennan Companies, Inc.*[34]] a clear standard for application of the independent tort doctrine under Florida law."[35] Its application in this case, however, is straightforward in light of the District Court's ruling that under *Phillips Chemical* Mr. Hussing owed Pampa a fiduciary duty and that he breached that duty. Whatever the precise contours of Florida's independent tort doctrine are, it cannot be

---

[32] *See Simmons v. USI Ins. Servs., LLC*, 2024 WL 946287, at *3 (M.D. Fla. 2024) (describing case law on the independent tort doctrine as "somewhat vague and at times inconsistent").

[33] *Island Travel & Tours, Co. v. MYR Indep., Inc.*, 300 So. 3d 1236, 1239–40 (Fla. 3d DCA 2020).

[34] 110 So. 3d 399, 407 (Fla. 2013).

[35] *In re Jade Winds Ass'n, Inc.*, 2019 WL 1386048, at *3 (Bankr. S.D. Fla. 2019) (citing *Tiara Condo. Ass'n*, 110 So. 3d 399).

8

applied in a manner that nullifies the rule announced in *Phillips Chemical*, which is binding on this Court.

*Phillips Chemical* recognized a cause of action for breach of fiduciary duty arising from an employee's receipt of kickbacks. Florida law imposes this duty on an employee who acts on behalf of an employer in commercial transactions and who secretly profits from those transactions, regardless of the existence of any contractual obligations. Indeed, the essential holding of *Phillips Chemical* is that an employee's receipt of undisclosed kickbacks constitutes a breach of "the most elemental fiduciary duties owed an employer."[36] With the District Court having held that *Phillips Chemical* is binding Florida law on this issue, that determination necessarily forecloses any argument that the independent tort doctrine could still bar the claim.

## VI.   THE ENTIRE DEBT IS EXCEPTED FROM DISCHARGE UNDER 11 U.S.C. § 523(a)(2)(A).

Having determined that Mr. Hussing is liable for $1,762,045.83 in damages to Pampa for breach of fiduciary duty, the next question is whether this debt is excepted from Mr. Hussing's chapter 7 bankruptcy discharge. Bankruptcy Code section 523(a)(2)(A) excepts from discharge "any debt . . . for money . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud."[37] The Supreme Court has instructed that this provision "prevents discharge of 'any debt' respecting 'money, property, services, or . . . credit' that the debtor has fraudulently obtained."[38] In this

---

[36] *Phillips Chem.*, 440 So. 2d at 1294.

[37] 11 U.S.C. § 523(a)(2)(A).

[38] *Cohen v. de la Cruz*, 523 U.S. 213, 213 (1998).

context, "'fraud' connotes deception or trickery generally."[39] "Thus, anything that counts as 'fraud' and is done with wrongful intent is 'actual fraud.'"[40]

This Court has already found that "some of the evidence – particularly his use of the made-up name 'John Votnik' to obtain $24,800.00 in kickbacks from Kwan Treats – supported a finding that Mr. Hussing did obtain money by false pretenses, false representations, or actual fraud."[41] Based on this Court's earlier determination that Mr. Hussing did not owe a fiduciary duty to Pampa, however, this Court had concluded that there was no underlying debt to be excepted from discharge.[42] Now that it has been determined that Mr. Hussing did owe a fiduciary duty to Pampa, and that Mr. Hussing is liable to Pampa for $1,762,045.83 in damages, this Court must determine whether that debt is a debt for money to the extent obtained by false pretenses, a false representation, or actual fraud.

In this case, Mr. Hussing did not obtain money directly from Pampa, the creditor to whom he owes the debt. Rather, the monies paid to him as kickbacks came from Pampa's suppliers and vendors. For purposes of determining dischargeabilty of a debt under section 523(a)(2)(A), however, the source of the money does not make any difference. Relying on the Supreme Court's decision in *Husky Int'l Elecs., Inc. v. Ritz*[43] and the Eleventh Circuit's "most detailed treatment of *Husky*"[44] in *In re*

---

[39] *Husky Intern. Elecs., Inc. v. Ritz*, 578 U.S. 355, 360 (2016).
[40] *Id.*
[41] *Hussing*, 659 B.R. at 624.
[42] *Id.* at 618. ("'Of course a predicate to this burden is establishing that they have any debt at all that may be subject to an exception from discharge.'") (citing *In re Daly*, 655 B.R. 255, 263 (Bankr. S.D. Fla. 2023)).
[43] 578 U.S. 355.
[44] *PRN Real Estate & Investments, Ltd. v. Cole*, 85 F.4th 1324, 1344 (11th Cir. 2023).

*Gaddy*,[45] the Eleventh Circuit in *PRN Real Estate & Investments, Ltd. v. Cole*[46] squarely held that for a debt to be excepted from discharge under section 523(a)(2)(A), "the creditor must show that (a) the bankruptcy debtor obtained money, property, or services by actual fraud; and, (b) the debt to be excepted resulted from the debtor's fraudulent receipt."[47]

That test is easily satisfied here. This Court previously found that "[o]ver nearly a decade, Bernardo Hussing pocketed more than $2 million in illicit commissions – more colloquially known as "kickbacks" – from his former employer's suppliers."[48] By way of further detail, the Court found that:

> Some of these "commissions" were paid directly to Mr. Hussing and deposited into his personal bank account. Other "commissions" went into bank accounts in the name of Fenix Marketing, which Mr. Hussing had promised to close and not use. Still other "commissions" went into the account of another entity called Votnik, LLC, which Mr. Hussing and his wife Ulla Rosensteiner formed in 2020. At one point Mr. Hussing even created and used the fake name "John Votnik" to sign a consulting and brokerage agreement with Kwan Treats, one of Transnational's suppliers, on behalf of Votnik LLC.[49]

These findings – and specifically, the finding that Mr. Hussing received $24,800 in kickbacks from Kwan Treats using the fake name John Votnik – are sufficient, under Supreme Court precedent, to render the entire $1,762,045.83 debt nondischargeable. As the Supreme Court stated in *Cohen v. de la Cruz*,[50] "the phrase 'to the extent

---

[45] 977 F.3d 1051 (11th Cir. 2020).

[46] 85 F.4th at 1346–47.

[47] *Id.*; *see also Cohen*, 523 U.S. at 220–21 (explaining that throughout section 523, "'debt for' is used . . . to mean 'debt as a result of,' 'debt with respect to,' 'debt by reason of,' and the like," and that "[w]hen construed in the context of the statute as a whole, then, § 523(a)(2)(A) is best read to prohibit the discharge of any liability arising from a debtor's fraudulent acquisition of money, property, etc.").

[48] *Hussing*, 659 B.R. at 612.

[49] *Id.* at 615.

[50] 523 U.S. 213.

obtained by' in § 523(a)(2)(A)"[51] "makes clear that the share of money, property, etc., that is obtained by fraud gives rise to a nondischargeable debt. Once it is established that specific money or property has been obtained by fraud, however, 'any debt' arising therefrom is excepted from discharge."[52] By so ruling, "the Supreme Court made clear that § 523(a)(2)(A) should be read broadly to prevent the discharge of all liability arising from fraud."[53]

Accordingly, based on both the Supreme Court's and the Eleventh Circuit's interpretations of section 523(a)(2)(A) and this Court's undisturbed factual findings after trial, this Court concludes that the $1,762,045.83 in payments that Mr. Hussing obtained through his fraudulent kickback scheme qualifies as money obtained by fraud. And because the kickback payments qualify as money obtained by fraud, the debt owed by Mr. Hussing to Pampa – disgorgement of the entire $1,762,045.83 in kickbacks – qualifies as "any debt"[54] arising out of the fraudulent kickback scheme, even though it was Mr. Hussing's breach of fiduciary duty that gives rise to the disgorgement liability.[55] Thus, the entire $1,762,045.83 debt owed by Mr. Hussing to

---

[51] *Id.* at 218.

[52] *Id.*

[53] *Hernandez v. Pulido*, 2009 WL 1442010, at \*3 (S.D. Fla. 2009).

[54] 11 U.S.C. § 523(a).

[55] That a different provision of section 523 – subsection (a)(4) – also provides an exception to discharge for debts "for fraud or defalcation while acting in a fiduciary capacity" does not foreclose application of section 523(a)(2)(A) in this case. Indeed, in *Husky* the Supreme Court recognized as "inevitable" the overlap between the various subsections of section 523(a). *Husky*, 578 U.S. at 363. Bankruptcy Courts have likewise noted that "[t]here is nothing to suggest that the several subsections of section 523(a) are mutually exclusive." *In re Campbell*, 2021 WL 920060, at \*4 (Bankr. S.D. Fla. 2021); *see In re Tallant*, 218 B.R. 58, 64 (B.A.P. 9th Cir. 1998); *In re Vitogiannis*, 2009 WL 1372065, at \*7 (Bankr. N.D. Ill. 2009). Thus, the Court need not – and does not – decide whether Mr. Hussing's conduct would also satisfy section 523(a)(4), because section 523(a)(2)(A) independently excepts the debt from discharge.

Pampa for breach of fiduciary duty is excepted from discharge under 11 U.S.C. § 523(a)(2)(A).

## VII.   JUDGMENT WILL BE ENTERED AGAINST FENIX MARKETING AND VOTNIK AS WELL.

The final issue to be determined on remand is whether Fenix Marketing and Votnik are liable for aiding and abetting and conspiring to breach Mr. Hussing's fiduciary duty. This Court had earlier rejected these claims based on its conclusion that Mr. Hussing did not have, and therefore did not breach, any fiduciary duty. Because this Court has now found, consistent with the District Court's mandate, that Mr. Hussing did owe and did breach a fiduciary duty to Pampa, and because Fenix Marketing and Votnik have defaulted and therefore have not contested the substantive allegations against them – including that each received and held kickback funds on Mr. Hussing's behalf[56] – the predicate for their liability that this Court previously found lacking[57] is no longer absent. Judgment will accordingly be entered against Fenix Marketing and Votnik, jointly and severally with Mr. Hussing, on Pampa's aiding and abetting and conspiracy claims, in the same amount.

## VIII.  CONCLUSION.

Based on the District Court's ruling that *Phillips Chemical* is binding Florida law holding that an employee who receives a kickback per se breaches his fiduciary duty to the employer, this Court must conclude that Mr. Hussing is liable to Pampa for $1,762,045.83 for breaching his fiduciary duty, that this entire debt is excepted

---

[56] *Hussing*, 659 B.R. at 615.
[57] *Id.* at 624.

from Mr. Hussing's chapter 7 bankruptcy discharge, and that Fenix Marketing and Votnik are likewise jointly and severally liable with Mr. Hussing for aiding and abetting, and conspiring to, breach his fiduciary duty. The Court will enter a separate final judgment consistent with this opinion.

The basis for this Court's subject matter jurisdiction over the Removed Action, however, does not extend to post-judgment execution or discovery in aid of execution, because those proceedings would not have any conceivable effect on the bankruptcy estate or the administration of the case.[58] Thus, upon entry of final judgment, this Court will remand the Removed Action to the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, pursuant to 28 U.S.C. § 1452(b),[59] for all further proceedings, including execution, which may issue from that court in accordance with Florida law.

### # # #

*Copies furnished to all counsel of record by CM/ECF.*

---

[58] *See In re Jimenez*, 627 B.R. 536, 545 (Bankr. S.D. Fla. 2021) (in a fully administered no-asset individual chapter 7 case, the bankruptcy court lacked subject matter jurisdiction over proceedings by judgment creditors to enforce a non-dischargeable money judgment, even one entered by the bankruptcy court itself).

[59] 28 U.S.C. § 1452(b) ("The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.").